# COURT OF APPEALS.

THE PEOPLE, plaintiffs in error, agt. RICHARD LEWIS, defendant in error.

The question whether the *evidence* justified the verdict of the jury, finding the defendant guilty of murder in the first degree, cannot be examined in this court.

Evidence offered as to the acts and declarations of the defendant, after the perpetration of the crime, is not admissible in his behalf.

Where the real issue on the trial was, whether the defendant *designed* to effect the death of the deceased, evidence offered by the defendant to prove the facts and circumstances constituting the provocation, which induced the attack by him upon the deceased, which occurred a few minutes previous to such attack, was admissible upon the question of such design, especially where the acts of the defendant were such as not at all likely to produce death.

*September term,* 1867.

APPEAL from the decision of the general term, awarding the defendant a new trial, on a conviction for murder.

A. H. ANTHONY *for plaintiffs in error.*
H. A. NELSON *for defendant.*

GROVER, J.—Questions of law only can, in this class of cases, be reviewed in this court. The question whether the evidence justified the verdict of the jury, finding the defendant guilty of murder in the first degree, cannot be examined here. The evidence offered as to the acts and declarations of the prisoner, after the perpetration of the crime, were properly excluded. Such acts and declarations were not admissible in his behalf. This is the settled rule, and requires no discussion. The real issue upon the trial, was whether the defendant designed to effect the death of

the deceased. If he did, he was guilty of murder in the first degree; if he did not, he was not so guilty. The prisoner used no weapon; all he did to deceased was with his fists.

The prosecution proved that threats against the deceased had been made by the prisoner some time previous to the occurrence. The prisoner offered to prove that a few minutes before he made the attack upon the deceased, he went to the house where he lived, and where his father's family lived, and found his sister crying, and inquired as to the cause, and was informed by her that the deceased had just been there, and called her mother and herself prostitutes, whereupon the prisoner went directly into the lot where the deceased was, and inquired of him why he had so done, and immediately struck him with his fist.

This evidence was excluded, and the prisoner's counsel excepted. It is clear that if the defendant designed to effect the death of the deceased, this evidence had no tendency to mitigate the crime from murder to manslaughter, and was not admissible for any such purpose. But upon the question whether he did so intend, the evidence ought to have been received. The acts of the prisoner were such as not at all likely to produce death, and upon the inquiry whether such was his design, it was very important to ascertain whether he acted from deliberate malice, long entertained, or from recent provocation likely to induce such acts as the prisoner committed. In the former, the conviction that a design to effect the death of the deceased prompted the commission of the acts, would be much more readily arrived at than it would were such acts induced by a recent provocation, which would be likely to induce the prisoner to chastise the deceased. Upon this ground only, the evidence should have been received. The learned judge erred in rejecting it, and thereby leaving the jury to infer that the defendant acted from deliberate malice, long entertained. The latter conclusion would be the necessary result of

excluding the evidence. Upon this ground, the prisoner was entiled to a new trial, and the judgment of the supreme court awarding it must be affirmed.

Many cases were cited by the counsel for the people, where similar evidence was excluded But these were all cases where there was no doubt as to the intention of the prisoner to effect the death of the deceased, and where the only inquiry was whether, conceding such intention, the offense was murder or manslaughter. In such cases the law is well settled that the crime cannot be mitigated from murder to manslaughter by anything the prisoner may have heard from a third person. In such a case the law adjudges that the prisoner acted only from revenge, and this constitutes murder.

When the provocation arises in the presence of the prisoner, and the act causing death immediately follows, the inquiry is, whether the provocation was such as to cause such a frenzy, as for the time to deprive the prisoner of his reason, to an extent that he was not capable of deliberation. If so, he is guilty of manslaughter by effecting the death of the deceased. If otherwise, the crime is murder.

Judgment of the general term should be affirmed.

Affirmed.

DAVIS Ch. J., and HUNT, J., dissenting.